**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| BUSTER O'NEAL, JR., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:09-CV-318 (CAR) |
| Warden ANTHONY WASHINGTON, | : | |
| *et al.*, | : | |
| Respondents | : | **O R D E R** |

Petitioner **BUSTER O'NEAL, JR.** has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging both the validity of his November 11, 1992 original conviction and his November 2, 1995 parole revocation. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

The instant case represents the second time petitioner has attacked both his conviction and parole revocation. This Court severed petitioner's previous habeas petition and separately addressed his attacks on his conviction and on his parole revocation. In *O'Neal v. Byrd*, 5:98-cv-347 (WDO) (M.D. Ga.), Magistrate Judge Claude W. Hicks, Jr. recommended that petitioner's challenge of his 1992 conviction be denied. Magistrate Judge Hicks found that petitioner had procedurally defaulted eleven of his twelve claims and that his twelve claim did not entitle him to habeas relief. Magistrate Judge Hicks's recommendation was accepted by U.S. District Wilbur D. Owens, Jr., and made the

---

[1] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

order of the Court.  In *O'Neal v. Byrd*, 5:99-cv-162 (WDO) (M.D. Ga.), Judge Owens adopted the recommendation of Magistrate Judge Claude W. Hicks, Jr., that petitioner's challenge to his 1995 parole revocation be dismissed as untimely.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).  Dismissal of a section 2254 petition for untimeliness constitutes an adjudication on the merits and renders future petitions "second or successive."  *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions...."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir.2003) ( per curiam ) ("We hold today that a prior untimely [§ 2254 ] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency....").

Because petitioner's prior challenges to his conviction and his parole revocation were dismissed on the merits, the instant petition is successive within the meaning of section 2244(b). As petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider petitioner's request for relief.

It is therefore **ORDERED** that the instant petition be **DISMISSED** without prejudice to

Case 5:09-cv-00318-CAR-CWH   Document 14   Filed 10/06/09   Page 3 of 3

petitioner's refiling following his receipt of authorization from the Eleventh Circuit under section 2244(b)(3). The Clerk of Court is ordered to furnish petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.

Having concluded that petitioner's habeas petition must be dismissed, the Court hereby **DENIES** as moot all of petitioner's pending motions.

**SO ORDERED**, this 6th day of October, 2009.

                                              S/ C. Ashley Royal  
                                              C. ASHLEY ROYAL  
                                              UNITED STATES DISTRICT JUDGE